JOHN RANDALL AND ALS. *versus* JAMES B. THORNTON.

It is not essential that the word warrant or any precise form of expression be used to create an express warranty, but if the vendor at the time of the sale affirms a fact as to the essential qualities of his goods, as an inducement to the sale, in clear and distinct terms, and the vendee purchases on the faith of such affirmation, that will constitute an express warranty.

A contract in writing is to be construed by the court, and not by the jury.

The certificate of a master carpenter as to the capacities of the ship, is to be taken as matter of description, and not of warranty, unless so intended by the parties.

This is an action for breach of warranty as to tonnage of the bark "Oak Hill." Plea, the general issue and joinder.

The plaintiffs read in evidence a bill of sale of said bark from the defendant to the plaintiffs, dated April 20, 1855, containing the following description: All the hull or body of the good bark Oak Hill, together with all and singular her boats, sails, tackle, apparel and furniture, now lying at Portland, not yet registered, but described as follows, to wit:

"DISTRICT OF PORTLAND AND FALMOUTH, PORT OF PORTLAND, MARCH 5, 1855.

" Ira Milliken, master carpenter, of Scarborough, do certify that the bark named the Oak Hill was built under my direction at Scarborough, during the year 1854, for John Libby,

3d, of Scarborough, State of Maine; that the said bark is United States built; has two decks, three masts, is one hundred and thirty-seven feet six inches in length, twenty-nine feet five and one-half inches in breadth, and fourteen feet eight and three-fourths inches in depth, of five hundred and forty-seven and twenty-seven ninety-fifths tons burthen. As witness my hand, the day and year aforesaid.

(Signed.)        IRA MILLIKEN."

Rufus McIntire, called by plaintiffs, testified that he is surveyor of the port of Portland; that the bark "Oak Hill" was measured in the early part of January, 1855, by a return of which it appears that her length was one hundred thirty-seven feet and six inches, and her breadth twenty-nine feet five and a half inches, and that she measured on computation five hundred and forty-seven tons and twenty-seven ninety-fifths of a ton, and the same was certified and recorded February 1, 1855; that by request of persons interested he carefully remeasured said vessel April 21, 1855, and found her true length to be one hundred and thirty-three feet and ten inches, and her breadth to be twenty-eight feet and ten inches, and that she measures five hundred and nine tons and eighty-six ninety-fifths of a ton, showing an error of thirty-seven tons and thirty-six ninety-fifths of a ton too large in the former measure and certificate.

Upon this evidence the court, GOODENOW, J., presiding, ordered a nonsuit, subject to the opinion of the full court.

*Rand* for plaintiffs.

Any representation of the vender concerning an article sold, if relied upon by vendee and understood by both parties as absolute assertion, will amount to a warranty. Oneida M. Co. v. Lawrence, 4 Cowen, 440; Whitney v. Sutton, 10 Wend., 411.

To constitute a warranty it is not necessary to say, "I warrant." It is sufficient if the vender says the article is of particular quality or a particular size.

Here was a *particular description* of property sold, and it

amounts to a warranty of the size. Hogin v. Plympton, 11 Pick., 97; Shephard v. Kain, 5 B. and A., 240; Henshaw v. Robbins, 9 Met., 83; Cox v. Prentice, 3 M. and S., 344.

If there be any uncertainty whether statements in the bill of sale were part of the contract and consequently a warranty, or were mere opinion, the nonsuit was improper; the case should have been sent to the jury. Long on sales, 210, 212; Power v. Barham, 4 Ad. and E., 473.

*Fessenden & Butler*, counsel for defendants.

The nonsuit was properly ordered. Express covenants in the bill of sale apply to *title* only, no proof of any representation of defendant outside of bill of sale, or that he knew of any mistake in the measurement of the vessel.

The only ground that plaintiffs can rest their case, is upon the warranty alleged to be constituted by description of vessel in bill of sale.

Instead of the registry of the vessel, she being new, and "not yet registered," defendant inserts as a description the certificate of the master carpenter, required by the laws of the United States before registry can be obtained. U. S. Statute at Large, vol. 1, page 291, act December 31, 1792, sec. 8. This does not constitute a warranty; at most it is a mere recital, in quotation marks, of what the master carpenter certifies—there is no proof that he did not so certify. Defendant merely gives the description of said vessel as she is described to him; gives on the bill of sale all the information he has in regard to her, but does not warrant or promise that it is true. The certificate under the statute quoted is a kind of temporary register which allows a vessel to be removed from the place where she is built. If there is a warranty implied in the *certificate* then there would be in every case of transfer of vessel where the *register* is recited.

All authorities agree that representations at the time of sale of personal chattels to constitute warranties *must be intended as such*; if they are matters of mere *description* they are not warranties. Parsons on contracts, vol. 1, p. 463,

Randall and als. *v.* Thornton.

note *o* ; Richardson v. Brown, 1 Bing., 344. This certificate is called by defendant *a description* in so many words.

The case of Henshaw v. Robbins, 9 Met., 83, and Harding v. Lovering, 2 Pick., 214, and kindred cases, do not apply to this case, inasmuch as there is here no representation or affirmation of *quality* or of *species* or *kind ;* and as for *quantity* this was a sale of the *whole ship*, as a unit, for a round sum—not so much per ton.

As a test of the whole question : If the vessel had been of more tons burden than described in the bill of sale, could *defendant* have recovered of *plaintiffs* for the excess ?

That the description of the size and tonnage of vessel in the bill of sale does not constitute a warranty, but ·is simply a *description*, like the number of acres inserted in a description of a piece of land with definite metes and bounds in a deed. We cite : Dyer v. Lewis, 7 Mass., 282 ; Powell v. Clark, 5 Mass., 355 ; Green on Ev., vol. 1, p. 38, sec. 26.

Even if this description constituted a warranty, plaintiffs have proved no damages by the breach. A horse may be of fifty pounds less weight than described in a bill of sale of him, and he still may be as good a horse as if he were of fifty pounds more weight. As to ships, it is a matter of common experience and knowledge, that their real capacity is not measured by what they ton, according to the arbitrary rules, for measurement of vessels, laid down in U. S. laws. A vessel of less nominal tonnage, may be really of greater capacity, and carry a larger cargo, than one of much larger tonnage, as measured by rules laid down by U. S. statutes.

RICE, J. This is an action of case for an alleged breach of warranty in the sale of the bark "Oak Hill." The consideration paid for the bark was twenty-eight thousand dollars. The bill of sale describes said bark as "now lying at Portland, not yet registered, but described as follows, to wit :

"DISTRICT OF PORTLAND AND FALMOUTH, ⎫
PORT OF PORTLAND, March 5, 1855. ⎭

"Ira Milliken, master carpenter, of Scarborough, do cer-

tify, that the bark named the Oak Hill was built under my direction, at Scarborough, during the year 1854, for John Libby 3d, of Scarborough, State of Maine; that the said bark is United States built; has two decks; three masts; is one hundred and thirty-seven feet and six inches in length; twenty-nine feet five and a half inches in breadth, and fourteen feet and eight and three-fourths inches in depth, and of five hundred and forty-seven and twenty-seven ninety-fifths tons burthen; as witness my hand the day and year aforesaid.          (Signed)          IRA MILLIKEN."

Then follow covenants of general warranty of title.

The proof in the case shows that on an accurate admeasurement, the bark was not as long, wide nor deep as specified in the carpenter's certificate recited above, and that she did not measure as much by thirty-seven and thirty-nine ninety-fifths tons as therein specified.

There is no evidence that either party examined the vessel or made any measurement of her dimensions before the sale.

On these facts the presiding judge ordered a nonsuit, and the plaintiffs excepted.

The books are full of cases in which the question of warranty or no warranty is discussed. These cases are by no means all consistent with each other. In an early case, Chandelor v. Lopus, 2 Crokes' Jac., 2: it was held that the bare affirmation that the article sold was a bezoar stone, without warranting it to be so, is no cause of action. The doctrines of this case, though received with approbation in England and in this country, have not been adopted in both this state or Massachusetts without some qualification, rendered necessary, perhaps, from the imperfect manner in which the original case is reported. The inference from the report is, that unless there be an express warranty, in terms, an action for breach of warranty will not lie; that bare words of affirmation will not, in law, constitute a warranty.

The established doctrine now is, that to create an express warranty the word warrant need not be used, nor is any

precise form of expression necessary, but if the vender at the time of the sale affirms a fact as to the essential qualities of his goods, as an inducement to the sale, in clear and distinct terms, and the vendee purchases on the faith of such affirmations, that will constitute an express warranty. Henshaw v. Robbins, 9 Met., 83; Bryant v. Crosby, 40 Maine R., 9. Affirmations of quantity and quality, which are made pending the negotiations for a sale, with a view to procure a sale, and having that effect, will be regarded as a warranty. Parsons' Mercantile Law, 57. To give simple representations or affirmations this effect, they must be of a character to enter into the essential elements of the contract—to constitute a substantial inducement to the purchase. If the language used is merely by way of description, to identify the thing sold, and not for the purpose of describing its quantity or quality, then they are to be treated as mere words of description and not of warranty.

The express terms of warranty in the bill of sale before us are clearly confined to the title, and do not apply to the dimensions or quality of the bark. Are the descriptive words of the carpenter's certificate incorporated into this bill of sale, to be construed as terms of warranty? Ordinarily the number of tons in a vessel, like the quantity of land in a deed, are treated as matters of description only, and not of warranty. 1 Greenl. Ev., 26, and note; Dyer v. Lewis, 7 Mass., 284.

So, too, where articles capable of division and enumeration are sold in the aggregate, the parties intending to sell the whole for a given price, an enumeration of the articles and fixing a price in detail will be treated as matter of description and not of warranty. Thus in the case of Covas v. Bingham, vol. 22, Eng. Law and Eq. Rep., 183, the original defendants sold the plaintiff a cargo Ibralia Indian corn, sixteen hundred and sixty-seven and three-fifths quarters, at thirty shillings per quarter. The corn was then afloat, and was sold by the bill of lading. On measurement the corn fell short fifty-three and one-tenth quarters. For this defic-

iency the plaintiff brought his action and recovered in the county court. But on error, in the Queen's Bench the judgment was reversed. Lord Campbell remarked, " I think that the intention of the parties, to be gathered from the contract itself was, that the *cargo* should be taken by the purchaser for better or for worse, for less or for more."

In the case before us a round sum was paid for the bark, as a whole. She was not purchased at a specific price by the ton, the price for the whole ship to be determined by the number of tons she should measure, but was sold as an entire ship, at a fixed price *in solido,* larger or smaller. While we do not intend to assert that a bill of sale of ship may not contain matter of description, as to her capacity, which may properly be construed to be representations amounting to and constituting a warranty, we are of opinion that in this case the certificate of the master, as incorporated into this bill of sale, is to be treated as mere matter of description, and does not constitute a warranty as to the dimensions of the bark, and was not so intended by the parties. The contract being in writing, is to be construed by the court, and not by the jury.

*Nonsuit confirmed.*